UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND KELLY, AS NEXT FRIEND OF BRAYDEN KELLY, A MINOR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-0607-B |
| PACIFIC CYCLE, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Leave to File Defendant's First Amended Original Answer and Designation of Responsible Third Parties (doc. 10). After review of the motion and briefing, the Court **GRANTS** the motion.

Defendant proposes a First Amended Original Answer, adds affirmative defenses and seeks to designate responsible third parties under Texas Civil Practice and Remedies Code § 33.004. Section 33.004 is part of a state statutory scheme intended to determine "the percentage of responsibility" in tort actions between the parties and "each responsible third party who has been designated under Section 33.004." Tex. Civ. Prac. & Rem. Code § 33.003. Plaintiff opposes this seemingly innocuous motion because, under his interpretation of precedent, designating responsible third parties under § 33.004 "is not a recognized practice under Federal Law." Pl. Resp. at 1.

In diversity courts, federal courts apply state substantive law and federal procedural law.

*Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). A state rule, however, should be applied as the rule of decision if it reflects a state substantive policy that is not in conflict with the plain meaning of a federal rule. *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995). Plaintiff cites to Federal Rule of Civil Procedure 14, among many others, that "totally occupy the field" of "participants to litigation." Pl. Resp. at 2. Plaintiff, however, confounds conflict with comprehensiveness. If the former is absent, the latter does not preclude the application of a state rule. In fact, several federal courts in Texas, including this Court, have explicitly recognized that § 33.004 does not conflict with Rule 14. *See, e.g., Becker v. Wabash*, 2007 WL 2220961, *2 n.2 (S.D. Tex. Jul. 31, 2007) ("This Court may apply Texas Civil Practice & Remedies § 33.004 in this case, even though it is technically a state procedural statute"); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371, *3 (S.D. Tex. Feb. 2, 2007) (noting defendants followed proper procedure in utilizing § 33.004); *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, *2 (N.D. Tex. May 8, 2006) (same); *see generally Cortez*, 2007 WL 419371, *2 (citing federal courts in Texas finding no conflict between § 33.004 and Rule 14).

To properly object to a 33.004 third party designation, Judge Fitzwater explains:

> the court must grant such leave unless another party timely objects and establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements and, having been granted leave to replead, fails to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements.

*Alvarez*, 2006 WL 522999, *2. Judge Fitzwater ultimately found that the plaintiffs failed to make such a showing and permitted the designation of the responsible third party under § 33.004. Likewise, Plaintiff fails to make any showing that Defendant fails to plead sufficient facts regarding the designated third party's alleged responsibility.

Accordingly, Defendant's Motion is GRANTED.

**SO ORDERED.**

**SIGNED November 29, 2007**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**